IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE CO., Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-09-2307 |
| BROWN, MICLETTE & BRITT, INC., *et al.*, Defendants. | § § § § | |

## **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) ("Motion to Certify") [Doc. # 41] filed by Plaintiff Endurance American Specialty Insurance Company ("Endurance"), to which Defendant Bowen, Miclette & Britt, Inc. ("BMB") filed a Response [Doc. # 45], Plaintiff filed a Reply [Doc. # 48], and Defendant filed a Sur-Reply [Doc. # 49]. Based on the Court's review of the record and consideration of the statutory requirements for certification pursuant to § 1292(b), the Court **denies** the Motion to Certify.

## **I.   BACKGROUND**

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 39] entered January 4, 2010. Briefly, BMB is a

defendant in three lawsuits filed by victims of the alleged Stanford Financial Ponzi scheme. The plaintiffs in the three underlying lawsuits allege that they purchased Certificates of Deposit ("CDs") or deposited money into other accounts with Stanford International Bank. The plaintiffs assert that the CDs constitute securities for purposes of their securities fraud claims.

BMB filed a claim for coverage under Endurance Professional Liability Insurance Policy No. PPL 10001201900 ("the Policy"), and Endurance denied coverage. Endurance filed this lawsuit seeking a declaration that it owes no duty to defend in the three underlying lawsuits, and BMB filed a counterclaim seeking a declaration that Endurance owes it a duty to defend. The parties filed cross-motions for summary judgment. The Court, applying well-established legal authority from Texas and the Fifth Circuit, held that Endurance owed BMB a duty to defend in the three underlying lawsuits. BMB filed both a Notice of Appeal and the pending Motion to Certify.[1]

---

[1] The Eleventh Circuit has held that an order requiring an insurer to pay defense costs is immediately appealable because it has the effect of an injunction. *See Nat'l Union Fire Ins. v. Sahlen*, 999 F.2d 1532 (11th Cir. 1993). The Fifth Circuit has not yet ruled on the question. Therefore, in an abundance of caution, Endurance filed both a Notice of Appeal and this Motion to Certify the January 4, 2010 Memorandum and Order for an interlocutory appeal. The Court expresses no opinion regarding whether its prior decision is immediately appealable as an injunction.

## II.    ANALYSIS

"When a district judge, in making in a civil action an order not otherwise appealable under this section [1292(b)], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge shall so state in writing. 28 U.S.C. § 1292(b).  Before certifying an order for interlocutory appeal, the district court must find: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).  Interlocutory appeals under § 1292(b) are permitted only if all criteria are satisfied.  *Clark-Dietz & Assocs. v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983).  Section 1292(b) appeals are inappropriate where there is a "substantial ground for difference of opinion" regarding only the facts or the application of controlling law to the facts of the case.  *See id.*; *Stoffels v. SBC Commc'ns.*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008).

In this case, Endurance has failed to show that the Court's decision that it owes BMB a duty to defend in the underlying lawsuits involves a controlling question of law as to which there is substantial ground for difference of opinion.  As the Court

noted in its January 4 Memorandum and Order, it is clearly established under controlling Texas law that an insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). The Court must "resolve all doubts regarding the duty to defend in favor of the duty" and to "construe the pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.* The *Zurich American* case is a recent statement of controlling law from the Texas Supreme Court. This controlling law is well-established, and there does not exist substantial ground for difference of opinion.

The Endurance policy includes an exclusion for claims based on federal or state securities laws. The plaintiffs in the three underlying lawsuits clearly assert securities fraud claims in which they assert that BMB "crossed the line from being mere insurance brokers," and essentially acted as sales agents for the sale of securities. The plaintiffs in the three underlying lawsuits alternatively assert negligence claims against BMB based on allegations that BMB was negligent when acting in its capacity as an insurance broker by failing to ensure that existing insurance coverages were correctly described in certain letters. Under this alternative negligence theory, the

underlying plaintiffs do not claim that BMB crossed the line to act as a sales agent of securities but, instead, acted only as an insurance broker.  As the Court noted in the January 4, 2010 Memorandum and Order, "there is a significant potential in these underlying lawsuits that the factfinders could find that BMB did not cross the line to become more than insurance brokers . . . but, instead, merely acted negligently in providing those insurance and risk management services.  In that situation, BMB would be liable for negligence but not for securities violations."  Memorandum and Order, p. 8.  On that basis, the Court distinguished *Hiscox Dedicated Corporate Member Ltd. v. Partners Commercial Realty, L.P.*, 2009 WL 1794997 (S.D. Tex. June 23, 2009), in which the district judge held there was no duty to defend in a case in which the insured was the actual developer of the real estate project at issue and had prepared the "Overview and Analysis" brochure for the project that the plaintiffs claimed was fraudulent.  The Court in this case and Judge Miller in *Hiscox* applied the controlling Texas law to the allegations in the underlying lawsuits.  The mere fact that the ultimate decisions on the duty to defend issue were different does not call the controlling law into question and does not provide a basis for certification of an interlocutory appeal of this Court's ruling.  *See, e.g., Stoffels*, 572 F. Supp. at 811.

### III.     **CONCLUSION AND ORDER**

Endurance has failed to show that the Court's January 4, 2010 Memorandum and Order involves a controlling question of law as to which there is substantial ground for difference of opinion.  Instead, the Court's prior ruling involved the application of well-established controlling law to the specific allegations in the underlying complaints at issue.  As a result, certification of the January 4, 2010 Memorandum and Order for an interlocutory appeal pursuant to § 1292(b) is inappropriate, and it is hereby

**ORDERED** that Endurance's Motion to Certify [Doc. # 41] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge